Case 1:25-cv-10331   Document 1   Filed 12/12/25   Page 1 of 20

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANNE-SOPHIE SAINT-MARTIN**<br>235 W 48th St 20D<br>New York, NY 10036<br><br>Plaintiff,<br><br>v.<br><br>**BNP PARIBAS USA, INC.**<br>787 Seventh Avenue<br>New York, NY 10019<br><br>**SERVE**: | Case No. 1:25-cv-10331 |

## COMPLAINT

Plaintiff Anne-Sophie Saint-Martin ("Plaintiff"), by and through undersigned counsel, hereby makes the following allegations against the Defendant, BNP Paribas USA, Inc ("BNP" or "Defendant").

## NATURE OF THE ACTION

1. This action seeks to redress gender discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 et seq.

2. Plaintiff, a high-performing Associate in BNP Paribas's Transportation Banking and Capital Markets Group ("TBCM"), was repeatedly denied promotion, excluded from professional opportunities, subjected to gender-based hostility, and retaliated against after raising

concerns about discrimination. She continues to suffer ongoing retaliation, unequal treatment, and emotional distress.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under Title VII.

4. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the NYSHRL and NYCHRL claims.

5. Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Plaintiff works in this District, Defendant is located in this District, and the events giving rise to these claims occurred here.

6. The Court has personal jurisdiction over Defendant BNP Paribas USA, Inc. because BNP Paribas conducts substantial, continuous, and systematic business operations within the State of New York. BNP maintains a major U.S. office and corporate presence at 787 Seventh Avenue, New York, New York, and employs personnel, including Plaintiff, within this District. By operating and deriving revenue from activities in the Southern District of New York, BNP has established a direct and substantial connection to this forum sufficient to subject it to both general and specific personal jurisdiction.

## PARTIES

7. Plaintiff Anne-Sophie Saint-Martin is an adult resident of New York County and an employee of Defendant.

8. Defendant BNP Paribas USA, Inc. is a global financial institution operating in New York and is an employer under Title VII, the NYSHRL, and the NYCHRL.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff timely filed a Charge of Discrimination with the EEOC alleging gender discrimination, retaliation, and hostile work environment.

10. The allegations in the Charge are substantially similar to those raised in this action.

11. After more than 180 days, the EEOC issued Plaintiff a Notice of Right to Sue on September 15, 2025. See Exhibit A.

12. Plaintiff's suit is timely filed with this Court.

## FACTUAL ALLEGATIONS

13. As a woman, Plaintiff is a member of a protected class.

14. In 2016, BNP hired Plaintiff as an associate in the Paris headquarters.

15. In April 2022, after several years of strong performance in BNP's Paris office, Plaintiff joined BNP's New York office, where she gained capital-markets exposure, client-facing experience, and leadership responsibilities.

16. Plaintiff consistently received "4 – Objective Achieved" performance ratings in 2022, 2023, and 2024.

17. Despite her qualifications, Plaintiff was denied the opportunities required for advancement, including client exposure, lead-role transactions, and capital-markets assignments routinely provided to male colleagues.

18. Male colleagues with significantly less experience, including Amrani and Heyerst, were promoted or placed into VP roles while Plaintiff was told she was "too early" despite her superior background.

19. Plaintiff regularly asked for access to transactions and responsibilities aligned with the VP track but was excluded by senior male colleagues who minimized her contributions and withheld information.

20. Beginning in June 2023, Plaintiff reported concerns to HR regarding gender-based exclusion and unequal standards. She made additional complaints in November 2023, December 2024, and January 2025.

21. Following each protected complaint, Plaintiff experienced escalating retaliation, including heightened scrutiny, exclusion from meetings, public criticism, sudden negative feedback, pressure to work extended hours, and the creation of retroactive objectives.

22. Senior male colleagues mocked Plaintiff's facial expressions, diminished her value to the team, and stated she would not be put "in front of a client."

23. Plaintiff was subjected to humiliating treatment, including garbage being placed on her chair, public embarrassment at professional events, mimicry by senior colleagues, and exclusion from team activities.

24. Plaintiff's mental health deteriorated as a result of this pattern of discrimination and retaliation. She sought treatment from a psychiatrist and experienced anxiety, depression, and stress directly linked to her working conditions.

25. Plaintiff requested scheduling flexibility and relief from triggering interactions due to the psychological impact of the hostile work environment. Instead of support, BNP increased scrutiny and pressure.

26. HR and Employee Relations conducted a superficial and biased investigation, failed to interview key witnesses, ignored documentary evidence, and accepted management's explanations without analysis.

27. BNP's reasons for denying Plaintiff opportunities shifted over time, contradicted the documentary record, and were not applied to male employees.

28. Plaintiff remains employed at BNP but continues to be denied advancement and subjected to retaliatory and hostile treatment.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER DISCRIMINATION IN VIOLATION OF TITLE VII
### (42 U.S.C. §§ 2000e-2000e-17)

29. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

30. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) makes it unlawful to discharge or otherwise discriminate against any individual based on gender with respect to compensation, terms, conditions, or privileges of employment.

31. Defendant is and continues to be an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e(b).

32. Plaintiff was an "employee" within the meaning of Title VII. 42 U.S.C. § 2000e(f).

33. Plaintiff, as a woman, is a member of the classes of citizens protected by Title VII. 42 U.S.C. § 2000e-2(a)(1).

34. Defendant was aware of Plaintiff's gender, which was readily apparent.

35. Defendant knowingly and intentionally discriminated against Plaintiff because of her gender.

36. At all relevant times, Plaintiff performed the functions of her job competently and was qualified for her position with Defendant.

37. Defendant discriminated against Plaintiff because of her gender, including by:

   - Denying her the professional opportunities routinely provided to male colleagues;

   - Excluding her from meetings, transactions, and client-facing assignments given to less-experienced male employees;

   - Subjecting her to disparaging and belittling comments by senior male team members that undermined her credibility and diminished her role; and

   - Obstructing her advancement to the Vice President level through shifting, pretextual criteria while male comparators with weaker qualifications were promoted.

38. Defendant treated Plaintiff less favorably than her similarly male counterparts.

39. As a result, Plaintiff has suffered lost wages, benefits, emotional distress, and other damages.

40. The effect of the practice described above has been to deprive Plaintiff of equal employment opportunities, and to affect her status otherwise adversely as an employee because of her gender.

41. Plaintiff is entitled to participate in and be given the benefits of the employment.

42. Defendant was responsible for ensuring that Plaintiff was able to work void of discrimination.

43. But for Defendant' discrimination and harassment against Plaintiff, she would have advanced in her career.

44. Defendant is liable for the acts and omissions of its agents and employees.

45. The gender-related employment practices and other acts or omissions of Defendant and Defendant' agents, supervisors, and employees reflect Defendant' reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; punitive damages, and costs, including Plaintiff's attorney's fees in bringing this action.

**SECOND CLAIM FOR RELIEF**
**RETALIATION IN VIOLATION OF TITLE VII**
**(42 U.S.C. §§ 2000e-2000e-17)**

46. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff was an "employee" within the meaning of the Title VII, 42 U.S.C. § 2000e(f), and Defendant was an "employer" within the meaning of the Title VII, id. § 2000e(b).

48. Plaintiff engaged in protected activity by repeatedly reporting gender discrimination to Human Resources and Employee Relations, and by filing a Charge of Discrimination with the EEOC. See 42 U.S.C. § 2000e-3(a).

49. As outlined above, Defendant took adverse actions in retaliation for Plaintiff's protected activity in reporting gender discrimination internally. Following each complaint, Defendant intensified scrutiny of Plaintiff, issued sudden and unjustified negative feedback, excluded her from meetings and transactions, and fostered an increasingly hostile work environment. These retaliatory actions materially altered the conditions of her employment and would dissuade a reasonable employee from engaging in protected activity. *Id*.

50. Defendant engaged in retaliatory practices with malice, or with reckless indifference to the federally protected rights of Plaintiff.

51. As a direct and proximate result of Defendants retaliation in violation of the Title VII, Plaintiff has suffered, and continues to suffer, monetary and economic damages, including, including but not limited to backpay, interest on backpay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff also seeks punitive damages, and costs, including reasonable attorney's fees in bringing this action. 42 U.S.C. §§ 2000e-5(g), 5(k); 1981a(b)(1), (2), (3); and 1988(b).

### THIRD CLAIM FOR RELIEF
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII
### (42 U.S.C. §§ 2000e-2000e-17)

52. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

53. In violation of Title VII, Defendant's employees repeatedly subjected Plaintiff to unwelcome harassment based on her gender affecting the terms and conditions of her employment. 42 U.S.C. § 2000e-2(a)(1).

54. Defendant, through its supervisors and managers, engaged in harassing conduct toward Plaintiff and created a hostile work environment, including: (1) excluding her from meetings, client interactions, and transactions necessary for advancement; (2) issuing sudden and unwarranted negative feedback; (3) subjecting her to heightened and disproportionate scrutiny; (4) denying her professional opportunities routinely afforded to less-experienced male colleagues; (5) minimizing or ignoring her achievements in performance discussions; (6) fabricating or retroactively creating performance objectives to justify criticism; and (7) subjecting her to belittling, mocking, and gender-based remarks by senior male team members.

55. Male employees were treated more favorably by receiving promotions, public recognition, and access to client-facing and leadership opportunities, while Plaintiff, despite her strong performance and superior qualifications. was repeatedly denied advancement and excluded from the opportunities necessary to progress to Vice President. Additionally, male colleagues were not subjected to the same scrutiny, criticism, or undermining conduct and were consistently supported and developed within the team, unlike Plaintiff.

56. Plaintiff's supervisors engaged in demeaning and hostile conduct towards Plaintiff during the course of her employment with Defendant.

57. Defendant's harassing behavior towards Plaintiff was so severe and pervasive that it altered the terms and conditions of Plaintiff's employment and created a discriminatory and abusive working environment. See *Chislett v. N.Y.C. Dep't of Educ.*, 24-972-cv (2nd Cir. Sep 25, 2025); *Rivera v. Rochester Genesee Regional Transportation Authority*, 743 F.3d 11, 24 (2d Cir. 2014).

58. Plaintiff repeatedly complained to Defendant about the harassment and/or hostile work environment, but Plaintiff's complaints were ignored.

59. Defendant failed to take the appropriate corrective action as required by Title VII, including properly disciplining the charged official(s) and preventing further harassment of Plaintiff.

60. Defendant engaged in discriminatory practices with malice, or with reckless indifference to the federally protected rights of Plaintiff.

61. The gender-related employment practices and other acts or omissions of Defendant and Defendant's agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's federally protected employment rights

and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to backpay, interest on backpay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, and costs, including reasonable attorney's fees in bringing this action.

**FOURTH CLAIM FOR RELIEF**
**DISCRIMINATION IN VIOLATION OF THE**
**NEW YORK STATE HUMAN RIGHTS LAW**
**N.Y. Executive Law §§291** *et seq.*

62. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

63. The New York State Human Rights Law ("NYSHRL") makes it unlawful to discharge or otherwise discriminate against any individual based on gender with respect to compensation, terms, conditions, or privileges of employment. N.Y. Executive Law §§296.

64. Defendant is and continues to be an "employer" within the meaning of the NYSHRL. N.Y. Executive Law §§291.

65. Plaintiff was an "employee" within the meaning of the NYSHRL. N.Y. Executive Law §§291.

66. Plaintiff, as a woman, is a member of the classes of citizens protected by the NYSHRL N.Y. Executive Law §§296.

67. Defendant was aware of Plaintiff's gender, which was readily apparent.

68. Defendant knowingly and intentionally discriminated against Plaintiff because of her gender.

69. At all relevant times, Plaintiff performed the functions of her job competently and was qualified for her position with Defendant.

70. Defendant discriminated against Plaintiff because of her gender, including by:

- Denying her the professional opportunities routinely provided to male colleagues;

- Excluding her from meetings, transactions, and client-facing assignments given to less-experienced male employees;

- Subjecting her to disparaging and belittling comments by senior male team members that undermined her credibility and diminished her role; and

- Obstructing her advancement to the Vice President level through shifting, pretextual criteria while male comparators with weaker qualifications were promoted.

71. Defendant treated Plaintiff less favorably than her similarly male counterparts.

72. As a result, Plaintiff has suffered lost wages, benefits, emotional distress, and other damages.

73. The effect of the practice described above has been to deprive Plaintiff of equal employment opportunities, and to affect her status otherwise adversely as an employee because of her gender.

74. Plaintiff is entitled to participate in and be given the benefits of the employment.

75. Defendant was responsible for ensuring that Plaintiff was able to work void of discrimination.

76. But for Defendant' discrimination and harassment against Plaintiff, she would have advanced in her career.

77. Defendant is liable for the acts and omissions of its agents and employees.

78. The gender-related employment practices and other acts or omissions of Defendant and Defendant' agents, supervisors, and employees reflect Defendant' reckless,

willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; punitive damages, and costs, including Plaintiff's attorney's fees in bringing this action.

**FIFTH CLAIM FOR RELIEF
IN VIOLATION OF THE
NEW YORK STATE HUMAN RIGHTS LAW
N.Y. Executive Law §§291 *et seq.*

79. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

80. At all relevant times, Plaintiff was an "employee" within the meaning of the NYSHRL, and Defendant was an "employer" within the meaning of the NYSHRL. N.Y. Executive Law §§291.

81. Plaintiff engaged in protected activity by repeatedly reporting gender discrimination to Human Resources and Employee Relations, and by filing a Charge of Discrimination with the EEOC. N.Y. Executive Law §§296.7.

82. As outlined above, Defendant took adverse actions in retaliation for Plaintiff's protected activity in reporting gender discrimination internally. Following each complaint, Defendant intensified scrutiny of Plaintiff, issued sudden and unjustified negative feedback, excluded her from meetings and transactions, and fostered an increasingly hostile work environment. These retaliatory actions materially altered the conditions of her employment and would dissuade a reasonable employee from engaging in protected activity.

83. Defendant engaged in retaliatory practices with malice, or with reckless indifference to the protected rights of Plaintiff.

84. As a direct and proximate result of Defendants retaliation in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and economic damages, including, including but not limited to backpay, interest on backpay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff also seeks punitive damages, and costs, including reasonable attorney's fees in bringing this action.

### SIXTH CLAIM FOR RELIEF
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW
### N.Y. Executive Law §§291 *et seq.*

85. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

86. In violation of the NYSHR, Defendant's employees repeatedly subjected Plaintiff to unwelcome harassment based on her gender affecting the terms and conditions of her employment.

87. Defendant, through its supervisors and managers, engaged in harassing conduct toward Plaintiff and created a hostile work environment, including: (1) excluding her from meetings, client interactions, and transactions necessary for advancement; (2) issuing sudden and unwarranted negative feedback; (3) subjecting her to heightened and disproportionate scrutiny; (4) denying her professional opportunities routinely afforded to less-experienced male colleagues; (5) minimizing or ignoring her achievements in performance discussions; (6) fabricating or retroactively creating performance objectives to justify criticism; and (7) subjecting her to belittling, mocking, and gender-based remarks by senior male team members.

88. Male employees were treated more favorably by receiving promotions, public recognition, and access to client-facing and leadership opportunities, while Plaintiff, despite her

strong performance and superior qualifications. was repeatedly denied advancement and excluded from the opportunities necessary to progress to Vice President. Additionally, male colleagues were not subjected to the same scrutiny, criticism, or undermining conduct and were consistently supported and developed within the team, unlike Plaintiff.

89. Plaintiff's supervisors engaged in demeaning and hostile conduct towards Plaintiff during the course of her employment with Defendant.

90. Defendant's harassing behavior towards Plaintiff was so severe and pervasive that it altered the terms and conditions of Plaintiff's employment and created a discriminatory and abusive working environment.

91. Plaintiff repeatedly complained to Defendant about the harassment and/or hostile work environment, but Plaintiff's complaints were ignored.

92. Defendant failed to take the appropriate corrective action as required by Title VII, including properly disciplining the charged official(s) and preventing further harassment of Plaintiff.

93. Defendant engaged in discriminatory practices with malice, or with reckless indifference to the protected rights of Plaintiff.

94. The gender-related employment practices and other acts or omissions of Defendant and Defendant's agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to backpay, interest on backpay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, and costs, including reasonable attorney's fees in bringing this action.

**SEVENTH CLAIM FOR RELIEF**
**DISCRIMINATION IN VIOLATION OF THE**
**NEW YORK CITY HUMAN RIGHTS LAW**
**N.Y.C. Admin. Code § 8-101** *et seq.*

95. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

96. The NYC Human Rights Law (NYCHRL) makes it unlawful to discriminate against any individual based on gender with respect to compensation, terms, conditions, or privileges of employment.

97. Defendant is and continues to be an "employer" within the meaning of the NYCHRL. N.Y.C. Admin. Code § 8-102.

98. Plaintiff was an "employee" within the meaning of the NYCHRL. N.Y.C. Admin. Code § 8-102.

99. Plaintiff, as a woman, is a member of the classes of citizens protected by the NYCHRL. N.Y.C. Admin. Code § 8-108(1).

100. Defendant was aware of Plaintiff's gender, which was readily apparent.

101. Defendant knowingly and intentionally discriminated against Plaintiff because of her gender.

102. At all relevant times, Plaintiff performed the functions of her job competently and was qualified for her position with Defendant.

103. Defendant discriminated against Plaintiff because of her gender, including by:

- Denying her the professional opportunities routinely provided to male colleagues;

- Excluding her from meetings, transactions, and client-facing assignments given to less-experienced male employees;

- Subjecting her to disparaging and belittling comments by senior male team members that undermined her credibility and diminished her role; and

- Obstructing her advancement to the Vice President level through shifting, pretextual criteria while male comparators with weaker qualifications were promoted.

104. Defendant treated Plaintiff less favorably than her similarly male counterparts.

105. As a result, Plaintiff has suffered lost wages, benefits, emotional distress, and other damages.

106. The effect of the practice described above has been to deprive Plaintiff of equal employment opportunities, and to affect her status otherwise adversely as an employee because of her gender.

107. Plaintiff is entitled to participate in and be given the benefits of the employment.

108. Defendant was responsible for ensuring that Plaintiff was able to work void of discrimination.

109. But for Defendant' discrimination and harassment against Plaintiff, she would have advanced in her career.

110. Defendant is liable for the acts and omissions of its agents and employees.

111. The gender-related employment practices and other acts or omissions of Defendant and Defendant' agents, supervisors, and employees reflect Defendant' reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional,

and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; punitive damages, and costs, including Plaintiff's attorney's fees in bringing this action.

**EIGHTH CLAIM FOR RELIEF**
**RETALIATION IN VIOLATION OF THE**
**NEW YORK CITY HUMAN RIGHTS LAW**
**N.Y.C. Admin. Code § 8-101** *et seq.*

112.   Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

113.   At all relevant times, Plaintiff was an "employee" within the meaning of the NYCHRL and Defendant was an "employer" within the meaning of the NYCHRL. N.Y.C. Admin. Code § 8-102.

114.   Plaintiff engaged in protected activity by repeatedly reporting gender discrimination to Human Resources and Employee Relations, and by filing a Charge of Discrimination with the EEOC.

115.   As outlined above, Defendant took adverse actions in retaliation for Plaintiff's protected activity in reporting gender discrimination internally. Following each complaint, Defendant intensified scrutiny of Plaintiff, issued sudden and unjustified negative feedback, excluded her from meetings and transactions, and fostered an increasingly hostile work environment. These retaliatory actions materially altered the conditions of her employment and would dissuade a reasonable employee from engaging in protected activity.

116.   Defendant engaged in retaliatory practices with malice, or with reckless indifference to the federally protected rights of Plaintiff.

117.   As a direct and proximate result of Defendants retaliation in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and economic damages, including, including but not limited to backpay, interest on backpay, future pecuniary losses,

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff also seeks punitive damages, and costs, including reasonable attorney's fees in bringing this action.

## NINTH CLAIM FOR RELIEF
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW
### N.Y.C. Admin. Code § 8-101 *et seq.*

118. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

119. In violation of the NYCHRL, Defendant's employees repeatedly subjected Plaintiff to unwelcome harassment based on her gender affecting the terms and conditions of her employment. N.Y.C. Admin. Code § 8-101.

120. Defendant, through its supervisors and managers, engaged in harassing conduct toward Plaintiff and created a hostile work environment, including: (1) excluding her from meetings, client interactions, and transactions necessary for advancement; (2) issuing sudden and unwarranted negative feedback; (3) subjecting her to heightened and disproportionate scrutiny; (4) denying her professional opportunities routinely afforded to less-experienced male colleagues; (5) minimizing or ignoring her achievements in performance discussions; (6) fabricating or retroactively creating performance objectives to justify criticism; and (7) subjecting her to belittling, mocking, and gender-based remarks by senior male team members.

121. Male employees were treated more favorably by receiving promotions, public recognition, and access to client-facing and leadership opportunities, while Plaintiff, despite her strong performance and superior qualifications. was repeatedly denied advancement and excluded from the opportunities necessary to progress to Vice President. Additionally, male

colleagues were not subjected to the same scrutiny, criticism, or undermining conduct and were consistently supported and developed within the team, unlike Plaintiff.

122. Plaintiff's supervisors engaged in demeaning and hostile conduct towards Plaintiff during the course of her employment with Defendant.

123. Defendant's harassing behavior towards Plaintiff was so severe and pervasive that it altered the terms and conditions of Plaintiff's employment and created a discriminatory and abusive working environment.

124. Plaintiff repeatedly complained to Defendant about the harassment and/or hostile work environment, but Plaintiff's complaints were ignored.

125. Defendant failed to take the appropriate corrective action as required by the NYCHRL, including properly disciplining the charged official(s) and preventing further harassment of Plaintiff.

126. Defendant engaged in discriminatory practices with malice, or with reckless indifference to the protected rights of Plaintiff.

127. The gender-related employment practices and other acts or omissions of Defendant and Defendant's agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to backpay, interest on backpay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, and costs, including reasonable attorney's fees in bringing this action.

**WHEREFORE,** Plaintiff respectfully requests:

A. Appropriate declaratory and equitable relief;

B.  Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

C.  Backpay to include salary increases and bonuses;

D.  All economic losses on all claims allowed by law including back pay with prejudgment interest, lost benefits, including stock benefits, and other damages for lost compensation and job benefits and other monetary losses suffered by Plaintiff in an amount to be determined at trial;

E.  Punitive damages;

F.  An award of compensation for past and future pecuniary losses resulting from Defendant's unlawful actions described above in amounts to be determined at trial;

G.  An award of Plaintiff's litigation costs and expenses in this action, including described above in an amount to be determined at trial; and

H.  Any further relief that this court deems just and proper, and any other relief as allowed by law.

Respectfully submitted this 12 day of December, 2025,

/s Adnan F. Mirza
Adnan F. Mirza, Esq. (5775259)
Mirza Law
305 Broadway, Suite 701
New York, NY 10007
Phone: 212-500-3274
Email: ml@lawmirza.com